**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JENNIFER SASSO, | ) | |
| Plaintiff, | ) | C.A. No. 24-232 Erie |
| | ) | |
| v. | ) | **District Judge Susan Paradise Baxter** |
| | ) | |
| RGS PRODUCTS, INC., et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiff Jennifer Sasso initiated the present action on August 2, 2024, by filing a complaint against Defendants RGS Products, Inc. ("RGS"); Real Time Installation, Inc. ("RTI"); Sarah Hayes, co-owner and President of RGS ("Ms. Hayes"); Roy Hayes, co-owner and Vice President of RGS ("Mr. Hayes"); and Brandon Irish, former Vice President of Operation at RGS ("Irish"). Plaintiff subsequently filed an amended complaint on March 31, 2025 [ECF No. 16], and a second amended complaint on April 10, 2025 [ECF No. 17], which is the operative pleading in this case.

In her second amended complaint, Plaintiff asserts five counts: Count I is a claim of retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); Count II is a claim of whistleblower retaliation under the Surface Transportation Assistance Act, 49 U.S.C. § 31105 ("STAA"); Count III is a claim of whistleblower retaliation under the Clean Air Act, 42 U.S.C. § 7622(a) ("CAA"); Count IV is a claim of retaliation and wrongful discharge under the Americans with Disabilities Act, U.S.C. § 12203(a) ("ADA"); and Count V is a claim of retaliation under the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

1

On April 28, 2025, Defendants filed a partial motion to dismiss Counts II and III of the second amended complaint [ECF No. 18]. In particular, Defendants argue that (1) Plaintiff's whistleblower retaliation claim under the STAA (Count II) should be dismissed because Plaintiff has failed to plausibly allege that she filed a whistleblower complaint with OSHA within 180 days after her employment was terminated, as required by the Act, and (2) Plaintiff's whistleblower retaliation claim under the CAA should be dismissed because, *inter alia*, the CAA' whistleblower retaliation provision does not contain a private right of action. Plaintiff has filed a brief in opposition to Defendants' motion [ECF No. 21], in which Plaintiff agrees to voluntarily dismiss Count III of her second amended complaint (Id. at p. 3), but opposes Defendants' argument for dismissal of Count II.  Thus, the only matter to be decided by the Court is whether Plaintiff has plausibly alleged that she timely filed a whistleblower complaint with OSHA in compliance with the STAA to withstand dismissal of Count II.

## II.     DISCUSSION

In Count II of the Second Amended Complaint, Plaintiff alleges that Defendants violated the STAA's whistleblower provision by terminating her employment after she reported alleged violations of motor carrier rules and regulations. The STAA's whistleblower provision states that a person may not "discharge an employee, or discipline or discriminate against an employee regarding pay, terms, or privileges of employment" for certain protected activities, including filing a complaint or beginning a proceeding related to a violation of a commercial motor vehicle safety or security regulation standard, or order, or testifying or preparing to testify in such a proceeding. 49 U.S.C. § 31105(a)(1)(A)-(E).

Under the STAA's administrative procedure, an employee alleging unlawful discharge "may file a complaint with the Secretary of Labor not later than 180 days after the alleged

violation occurred." 49 U.S.C. § 31105(b)(1); 29 C.F.R. § 1978.103(d). Where, as here, the situation involves an alleged unlawful termination, the 180-day filing deadline begins to run on the date that the employee is notified of the termination. Maverick Transp., LLC v. U.S. Dept. of Labor, Administrative Review Bd., 739 F.3d 1149, 1155 (8th Cir. 2014) ("the limitations period in the STAA begins to run when the employee receives notice of the employer's adverse action").

Here, Plaintiff alleges that her employment was terminated on September 13, 2023. (ECF No. 17, at ¶ 68). Thus, under the STAA, Plaintiff was required to file a whistleblower complaint with OSHA on or before March 11, 2024 (180 days after the date of termination). In her second amended complaint, Plaintiff alleges that she received a letter from OSHA on June 21, 2024, acknowledging that she filed a whistleblower complaint on September 15, 2023. Specifically, Plaintiff's allegation reads as follows:

> On June 21, 2024, Plaintiff received a letter from Celmouth A. Stewart, Jr., the Assistant Regional Administrator for the Whistleblower Protection Program, Region 3, Philadelphia, PA, stating, 'This letter acknowledges receipt of your client's whistleblower retaliation complaint filed under Section 11(c) of the Occupational Safety & Health Act, 29 U.S.C. §660(c), Clean Air Act, 42 U.S.C. §7622 and the Surface Transportation Assistance Act, 49 U.S.C. §31105 (STAA) **which was filed on September 15, 2023**, against RGS Products Inc. (Respondent).'

(Id. at ¶ 12) (emphasis added by Plaintiff in the second amended complaint).

Nonetheless, Defendants argue that "other than citing OSHA's letter, Plaintiff makes no affirmative allegation in the Second Amended Complaint as to when she actually filed her whistleblower complaint." (ECF No. 19, at p. 8). This argument is a nonstarter, as Plaintiff's bold-faced and underlined emphasis on the filing date noted in OSHA's letter affirmatively draws attention to the actual filing date of her whistleblower complaint. Given this emphasis, it

would be unnecessarily redundant to require Plaintiff to make an additional allegation that she actually filed her whistleblower complaint on September 15, 2023.

Yet, Defendants double down on their argument by challenging the plausibility of Plaintiff's allegation itself, contending that "It defies common sense and routine practice to believe that OSHA received Plaintiff's whistleblower complaint on September 15, 2023, but waited more than nine months until June 21, 2024, to issue a simple acknowledgment letter." (Id.). However, this argument conflicts with the well-settled principle that, at the pleading stage, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Based on this principle, the Court finds that Plaintiff has sufficiently alleged that she timely filed her whistleblower complaint with OSHA in compliance with the STAA. Accordingly, Defendants' motion to dismiss Plaintiff's STAA claim will be denied.

An appropriate Order follows.